IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT JAMES SWINT,<br><br>Plaintiff,<br><br>vs.<br><br>SYLVAMO CORPORATION, INTERNATION PAPER COMPANY, ROBERT SYLVESTER KELLY, JOESEPH ROBINETTE BIDENJR., ACCESS CORRECTIONS, and HASBRO INTERACTIVE,<br><br>Defendants. | **8:26CV123**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on correspondence from Plaintiff's institution dated May 19, 2026, Filing No. 13, and for case management.

First, on May 13, 2026, the Court entered an order, Filing No. 10, granting Plaintiff's Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 7, and assessing an initial partial filing fee of $77.58 based on an apparent average monthly account balance of $387.88, according to the certified copy of Plaintiff's trust account statement on file, Filing No. 9. In the May 19, 2026, letter from Plaintiff's institution, the authorized official who submitted the previous certified trust account statement informs the Court that the official made an error and reported the total deposits made into Plaintiff's account rather than his average balance. Filing No. 13 at 1. The official further reports that Plaintiff has a zero balance in his trust account and an outstanding balance in his debt account, which can be seen in the attached copy of Plaintiff's resident account summary. Filing No. 13. Upon consideration, the Court will vacate its

previous IFP order, Filing No. 10, and will permit Plaintiff to proceed IFP without assessing an initial partial filing fee.

As stated before, the Prison Litigation Reform Act ("PLRA") requires prisoner plaintiffs to pay the full amount of the Court's $350.00 filing fee by making monthly payments to the Court, even if the prisoner is proceeding IFP.  28 U.S.C. § 1915(b). "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."  In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co., 173 F. Supp. 2d 951 (D. Neb. 2001).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. Here, Plaintiff's account balance is $0.00, and the Court cannot assess an initial partial filing fee.  However, as set forth in 28 U.S.C. § 1915(b)(4), "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."  When the prisoner is unable to pay the initial partial filing fee due to a lack of funds, the requirement that the initial partial filing fee will be paid at the outset of the case is suspended.  See Jackson, 173 F. Supp. 2d at 957 n. 9.  Instead, "the whole of the . . . filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)."  Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997).  This matter will therefore proceed without payment of the initial partial filing fee as set forth below.

Lastly, on May 22, 2026, the Court entered an order directing Plaintiff to update his address because mail sent to Plaintiff on April 6, 2026, was returned to this Court as

2

undeliverable.    Filing No. 12.    However, the May 19, 2026, correspondence from Plaintiff's institution indicates Plaintiff's address remains to be at the Columbia County Jail in St. Helens, Oregon, which is the address the Court has on file.    Because the Court has Plaintiff's current address already on file, the Court's May 22, 2026, order is moot and Plaintiff does not need to update his address at this time.    Plaintiff is advised, however, that he must inform the Court of any changes in address within 30 days.

IT IS THEREFORE ORDERED that:

1.    The previous order granting Plaintiff leave to proceed IFP and assessing an initial partial filing fee, Filing No. 10, is vacated.

2.    Plaintiff's Motion for Leave to Proceed IFP, Filing No. 7, is granted.    The filing fee shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2).    Until the full filing fee of $350.00 is paid, the prisoner shall be obligated to pay, and the agency having custody of the prisoner shall forward to the Clerk of the Court, 20 percent of the preceding month's income in such months as the account exceeds $10.00.

3.    The Clerk of the Court shall serve a copy of this order on the appropriate financial officer for Plaintiff's current institution.

4.    The next step in Plaintiff's case will be for the Court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).    The Court will conduct this initial review in its normal course of business.

5.     The Court's May 22, 2026, order, Filing No. 12, is moot as the Court has Plaintiff's current address on file.  The Clerk of the Court is directed to terminate the June 22, 2026, pro se case management deadline for Plaintiff to update his address.

Dated this 26th day of May, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge