IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ROBERT JAMES SWINT,

Plaintiff,

vs.

SYLVAMO CORPORATION, INTERNATION PAPER COMPANY, ROBERT SYLVESTER KELLY, JOESEPH ROBINETTE BIDEN JR., ACCESS CORRECTIONS, and HASBRO INTERACTIVE,

Defendants.

**8:26CV123**

**MEMORANDUM AND ORDER**

Plaintiff Robert James Swint ("Plaintiff"), an incarcerated person, filed a pro se Complaint on March 23, 2026. Filing No. 1. Plaintiff was granted leave to proceed in forma pauperis. Filing No. 10.

The Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court finds that Plaintiff's Complaint shall be summarily dismissed.

## I. SUMMARY OF COMPLAINT

Plaintiff brings this "civil action" against the defendants Sylvamo Corporation, International Paper Company, Robert Sylvester Kelly, Joseph Robinette Biden, Jr., Access Corrections, and Hasbro Interactive. Filing No. 1 at 1. The following is the entirety of the allegations contained in his Complaint and his request for relief:

> In 2021 Joe Biden tried putting together his lifelong fantasy scam as the star of the hit song "Sex Type Thing" from the Stone Temple Pilots; or the TV monitor star from Total Recall, the 1969 mood kidnapping of that girl from Poltergeist, or the star of "Suzannes" Pimp from Blank-Man. He seems to think he runs the TV's, the remotes, even has the jail/prison population on lockdown. They tried setting me up as the "fall guy" with Robert S. Kelly

> and the old "ti dept" at International Paper. If you look there still trying, as Ti Dept. looks like "Tide" witch [sic] is fictional court character the rules the land and people from the future and the past. I am asking for compensation for pain and suffering in the amount of 6.2 Billion."

*Id.* at 1-2.

## II. APPLICABLE STANDARDS ON INIITAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999) ). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

As an initial matter, Plaintiff does not assert any jurisdictional basis for this Court to consider his claims. Federal courts are courts of limited jurisdiction and may only exercise jurisdiction over a case if either a federal question of law is to be adjudicated or there exists diversity of citizenship between the parties. *Filla v. Norfolk Southern Railway Co.*, 336 F.3d 806, 809 (8th Cir. 2003); *Alumax Mill Products, Inc. v. Congress Financial Corp.*, 912 F.2d 996, 1002 (8th Cir. 1990). In the context of a federal question, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Complete diversity of citizenship exists where no defendants hold citizenship in a state where any plaintiff holds citizenship." *Capitol Indemnity Corp. v. Russellville Steel Co., Inc.*, 367 F.3d 831, 835 (8th Cir. 2004).

Here, the Court cannot discern any cognizable claim for relief arising under federal law or the federal Constitution. And as Plaintiff fails to allege any basis under which this Court may exercise diversity jurisdiction over the dispute, amendment is required for this matter to proceed.

Further, Plaintiff's Complaint is incomprehensible. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).

Plaintiffs' Complaint fails to meet this minimal pleading standard. For example, Plaintiff names the Sylvamo Corporation, Access Corrections, and Hasbro Interactive as defendants but the Court is unable to ascertain any connection between them and the Plaintiff, nor can it be determined how or when any alleged violative incident took place, or any detail of the resulting harm to Plaintiff as a result. To reiterate, the Court is unable to determine how many of the defendants are involved with Plaintiff in this matter, nevertheless what claims Plaintiff actually intends to raise, or when the actions at issue took place, because Plaintiff does not allege any specific violations, connect the alleged violations to the defendants, or connect the specific relief sought with the defendants.

For these reasons the Court finds summary dismissal of Plaintiff's Complaint appropriate under 28 U.S.C. § 1915(e)(2).

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint, Filing No. 1, is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 1st day of September, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge